ORIGINAL

JEFFREY T. ARAKAKI 4093
ATTORNEY AT LAW
1188 Bishop Street, Ste. 1604
Honolulu, Hawaii 96813
Telephone: 531-5517

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 27 2006

at __12__ o'clock and __19__ min __P__ M
SUE BEITIA, CLERK

Attorney for Defendant
JOHN MICHAEL WALDROUPE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00279-02 JMS |
| | ) | CR. NO. 05-00219-01 JMS |
| Plaintiff, | ) | |
| | ) | DEFENDANT JOHN WALDROUPE'S |
| vs. | ) | SUPPLEMENTARY SENTENCING |
| | ) | STATEMENT, CERTIFICATE OF SERVICE |
| | ) | |
| JOHN MICHAEL WALDROUPE, | ) | Date: February 13, 2006. |
| | ) | Time: 3:00 P.M. |
| Defendant. | ) | Judge: J. MICHAEL SEABRIGHT |
| | ) | |
| | ) | |

DEFENDANT JOHN WALDROUPE'S
SUPPLEMENTARY SENTENCING STATEMENT

Codefendant Susan Makio pled guilty to Count 1 of the indictment in 04-00279 as did the defendant John Waldroupe. Ms. Makio's involvement in the conspiracy was similar to that of Mr. Waldroupe. Ms. Makio, in fact, was in the hotel room when agents executed the search warrant at the Miramar Hotel on 7/15/2004. The agents recovered 55.9 grams of crystal methamphetamine from a night stand after being informed of its presence by Mr. Waldroupe who had observed it when he went to retrieve a phone book from said night stand.

Mr. Waldroupe used the phone book to call the police to inquire as to whether Mr. Ocampo had been arrested. The 55.9 grams of "ice" belonged to Mr. Ocampo. The agents also recovered 217.3 grams of crystal methamphetamine from a suitcase belonging to codefendant Ocampo.

The Government is not arguing that Ms. Makio is responsible for the drugs that were found in Mr. Ocampo's suitcase. However, the Government contends that Mr. Waldroupe is responsible for those drugs that he never saw because he told government agents "Ocampo told him that he (Ocmpo) was expecting to receive one pound of crystal methaphetamine and 50 pieces of heroin." The Government's argument is that because Ocampo told Mr. Waldroupe that he was "expecting" to receive a pound of crystal methamphetamine and 50 pieces of heroin, then "The drug type and quantity (the 217.3 grams of "ice" found in Mr. Ocampo's suitcase . . . (were) reasonably foreseeable to him (Mr. Waldroupe)."

The same Report of Investigation offered as Exhibit A reveals that Mr. Waldroupe had known Mr. Ocampo only for several weeks and that he had been selling drugs for Mr. Ocampo for about one week before their arrest in the instant case. The report indicates that "Waldroupe stated that he sold $20 and $40 worth of heroin at a time for Ocampo." The report also indicated that "Waldroupe stated that he sells gram quantities of heroin for approximately $180". It is unclear whether Waldroupe was selling gram quantities of heroin for Mr. Ocampo, but it is clear that Mr. Waldroupe was not a big time drug dealer. The report indicates that Mr. Waldroupe reported that both he an Ms. Makio used heroin and crystal methamphetamine. .

The Presentence Investigation Report reveals that Mr. Waldroupe and Ms. Makio were heroin addicts. We can reasonably infer that Mr. Waldroupe and Ms. Makio were addicts who

-2-

supported their habit by dealing in small quantities of heroin and "ice". To contend that it was reasonably foreseeable to him that there would be 217.3 grams of "ice" in Mr. Ocampo's suitcase whose contents he had never seen is reaching. This is particularly so where Mr. Waldroupe is only concerned with getting his next "fix", where he had known Mr. Ocampo for only a short while, where he had distributed small quantities of drugs for Mr. Ocampo for a few days (a week at the most), where the largest amount of drugs he saw was when he discovered the crystal methamphetamine in the night stand, where he never saw a pound of crystal methamphetamine and/or 50 pieces of heroin which was "expected", where Mr. Ocampo had bragged to the CS (cooperating source) that he had 10 pounds of crystal methamphetamine and quantities of heroin.

But, perhaps, most supportive of the fact that Mr. Waldroupe was not aware of the amount of drugs Mr. Ocampo had was Mr. Ocampo's conduct on 7/13/04 when he was asked by the CS (cooperating source) to get a sample of the drugs after Ocampo had bragged that he had 10 pounds of "ice' and quantities of heroin. When Mr. Ocampo went to the Ocean Resort Hotel where he was residing with Mr. Waldroupe and Ms. Makio, instead of going into his suitcase to get a "sample" of crystal methamphetamine, he retrieved a "sample" of crystal methamphetamine from Mr. Waldroupe and Ms. Makio who had only a small quantity of same that he (Ocampo) had given them previously. (See Paragraph 5 of the Report of Investigation).

Paragraph 16 of the Presentence Investigation Report reveals that the "sample" Mr. Ocampo obtained from Mr. Waldroupe and Ms. Makio was .083 grams of "ice". Clearly, Mr. Ocampo had no intention of revealing to his coconspirators that he was in "possession" of

-3-

large amounts of drugs. Finally, where no significant amount of heroin was found, we can infer that Mr. Ocampo was probably "bragging" when he related to Mr. Waldroupe that he was "expecting" a pound of "ice" and 50 pieces of heroin.

If Mr. Waldroupe had known Mr. Ocampo for some time and had distributed drugs for him over an extended period and saw large quantities of drugs, or if Mr. Ocampo had just opened his suitcase to get a "sample" on 7/13/04 revealing the amount of drugs he had, then it might be reasonably foreseeable that Mr. Waldroupe was aware of the 217.3 grams of drugs secreted away in Mr. Ocampo's suitcase.

Mr. Waldroupe never knew of the 217.3 grams of "ice" found in Mr. Ocampo's suitcase on 7/15/04 and based on the facts of the case it was not reasonably foreseeable to him that Mr. Ocampo had same. The preponderance of the evidence clearly indicates otherwise.

Accordingly, we respectfully ask this Honorable Court to affirm the determination of the probation office that there is insufficient evidence to establish that the "ice" was possessed within the scope of the defendant's agreement with any of his coconspirators or that it was reasonably foreseeable to him that the drugs were in the suitcase.

DATED: Honolulu, Hawaii, January 26, 2006.

_____
JEFFREY T. ARAKAKI
Attorney for JOHN MICHAEL WALDROUPE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly hand delivered to the following:

BEVERLY WEE SAMESHIMA, ESQ.
Assistant United States Attorney
Rm. 6-100, 300 Ala Moana Blvd.
Honolulu, HI 96850

ROSANNE DONOHOE
U.S. Probation Officer
U.S. Courthouse, Room C-110
300 Ala Moana Blvd.
Honolulu, Hawaii

DATED: Honolulu, Hawaii, Jan 27, 2006.

JEFFREY ARAKAKI